IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 24-0007-WS |
| | ) |
| CHRISTOPHER WILLIAM TEAGUE, | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

This matter is before the Court on the defendant's "motion to dismiss indictment for unconstitutional appointment under Article II, Section 2, Clause 2, and 28 U.S.C. § 541." (Doc. 196). The motion fails for multiple reasons.

First, because the defendant is represented by counsel,[1] his *pro se* filing is a nullity. *E.g., United States v. Washington*, 434 F.3d 7, 16 (1st Cir. 2006) (where a criminal defendant was represented by appointed counsel and neither sought nor was granted leave to represent himself, "the district court was not required to accept [his] *pro se* motion at all [and] acted within its discretion in striking the motion."); *accord United States v. Sanders*, 843 F.3d 1050, 1053-54 (5th Cir. 2016).

Second, because the motion was first presented in open court at the defendant's sentencing, it comes too late to be considered. The defendant's objection is that Sean Costello, who is serving as United States Attorney under appointment by the District Court pursuant to 28 U.S.C. § 546(d), was not appointed by the President and confirmed by the Senate. According to the defendant, this means that Costello "lacks authority to initiate prosecutions [or] sign indictments." (Doc. 196 at 2). Because Costello (along with an Assistant United States Attorney) signed the indictment, the defendant concludes that Costello's signing of the indictment was "constitutionally defective," (*id*. at 3),

---

[1] Crim. Local Rule 44(b)(2).

"render[ing] the indictment … unconstitutional" and "void." (*id*. at 1; *accord* at 4-5). For the same reason, the defendant argues that "any other actions taken by" Costello are "constitutionally defective." (*Id*. at 3).

"The following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits: … a defect in instituting the prosecution [or] a defect in the indictment or information …." Fed. R. Crim. P. 12(b)(3)(A), (B). A challenge that "the indictment was a nullity because it was obtained by a temporary United States Attorney who had not been appointed by the President and confirmed by the Senate, as required by the Appointments Clause" is a motion within these portions of Rule 12(b)(3). *United States v. Suescun*, 237 F.3d 1284, 1286 (11th Cir. 2001). A challenge that "the Appointments Clause … precluded the district court from appointing [an] interim United States Attorney," rendering the defendant's "convictions … a nullity," is likewise subject to these portions of Rule 12(b)(3). *Id*.

A motion subject to Rule 12(b)(3) must be made by the deadline established by the Magistrate Judge. Fed. R. Crim. P. 12(c)(1). A motion filed after such deadline "is untimely" but may be considered "if the party shows good cause." *Id*. Rule 12(c)(3). The defendant's motion, submitted at sentencing, is thus untimely. Like the defendant in *Suescun*, he has not shown, or attempted to show, good cause for his failure to raise his challenge by the May 2024 deadline established by the Magistrate Judge for filing Rule 12(b) motions, (Doc. 88 at 2), which failure renders his motion fatally defective. 237 F.3d at 1287; *accord Trupei v. United States*, 304 Fed. Appx. 776, 781-82 (11th Cir. 2008).

"A motion that the court lacks jurisdiction may be made at any time while the case is pending." Fed. R. Crim. P. 12(b)(2). Because "[a]n appointment of a United States Attorney that is not made as provided by the Appointments Clause does not affect the

[]   2

Government's power to prosecute," the defendant's motion cannot be treated as timely under that rule. *Suescun*, 237 F.3d at 1287.[2]

    For the reasons set forth above, the defendant's motion to dismiss the indictment is **denied**.

    DONE and ORDERED this 6th day of November, 2024.

                                                  s/ WILLIAM H. STEELE
                                                  UNITED STATES DISTRICT JUDGE

---

[2] The defendant relies on *United States v. Trump*, 2024 WL 3404555 (S.D. Fla. 2024). Even assuming for argument that *Trump* supports the proposition that the defendant's motion should be treated as one under Rule 12(b)(2), the Court is bound by *Suescan* as the holding of the Eleventh Circuit.